Feige Zaretsky
c/o 1909 New York Avenue
Brooklyn, NY 11210
347-254-3532

CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

2014 AUG 25  P 6: 30

RECEIVED/DB

August 25, 2014

BY HAND DELIVERY
Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

RE: Chapter 13: 14-72963-reg; 14-08187-reg

Your honor,

There are currently two motions pending in the above referenced cases, a motion to dismiss my chapter 13 recently filed by the Trustee noticed for Sep. 4, and a motion to remand filed by opposing counsel Ms Maurer noticed for Sep. 8. For the reasons explained below I wish to request an extension of time to file my oppositions until Oct 6. While there was an additional motion filed by creditor "Honda CRV" seeking relief from the stay and due Oct 5, I expect that motion to be withdrawn soon by opposing counsel as I am returning the car back to Honda this week as my lease is up.

I wrote to the Trustee Mr. Macco on Aug. 18 asking to consent for more time, explaining my reasons in my letter as detailed below. Yesterday I received his response that is not consenting to my request, while he seemingly misunderstood my position. I also sent both an email and a fax to opposing counsel Ms. Maurer on Aug. 21 requesting consent for more time to answer her motion for remand, as of today I have not received a response from counsel. Notably I have previously consented to opposing counsel Ms.Maurer's request for more time, (I attached both correspondences herewith)

The motion to dismiss by the Trustee is based on ineligibility under 11 U.S.C. §109(e), as I had listed in my schedules certain debts bringing the total debt over the limit. I have since then amended my schedules to delete certain debts that I had inadvertently listed on my original schedules. Thus my total debt is within the eligible limit.

The debts in question are certain state court judgments entered on default; they are currently pending appeals in state appellate court, the judgments and state court appeals action were subsequently stayed by the chapter 7 of my father (case no: 12-74600-reg)

(over)

(continued)
August 25, 2014
Page 2 of 3 pages

who is also a co-debtor on these debts, thereby rendering all these debts wholly unenforceable. Although the judgments still exist and are fixed, they are nonetheless not valid claims or debts for the purpose of 109(e) limits as of the date of my chapter 13 petition, since they were "unenforceable" at that time by virtue of said chapter 7 stay.

I was barred from continuing my state appeals court action, or from getting a stay pending appeals from the state appellate court on these judgments, which would have rendered the judgments unenforceable, because my father's chapter 7 stay had already rendered the judgments unenforceable, staying all state proceedings and enforcements on the judgments, affecting me in the same manner that it affected the claimants of said judgments, thus the debt became unenforceable in state court against myself or my property before my filing of the instant petition.

It is well established law that any debt which is unenforceable against myself and my property on the date of the petition filing is deemed an unenforceable debt, i.e. a debt that the creditor cannot file a valid proof of claim at the time of filing the petition, if it was unenforceable before filing my petition, it is not deemed a debt for purposes of eligibility under §109(e), even though these judgments still exist.

The Supreme Court in *Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)* stated "Congress intended in § 101(5) to incorporate the broadest available definition of "claim," see Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. ----, 110 S.Ct. 2126, 109 L.Ed.2d 588. As used in § 101(5), **"right to payment" and "right to an equitable remedy" mean "nothing more nor less than an enforceable obligation."**

Similarly the Second Circuit in *Chateaugay Corp., In re, 53 F.3d 478 (C.A.2 (N.Y.), 1995)* stated "However broadly "claim" is understood, it is clear that the existence of a valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition. Looking to the plain language of the Bankruptcy Code, we must ascertain whether a "right to payment" existed at the time of LTV's petition. In Davenport, the Court stated simply that "a 'right to payment' is nothing more nor less than an enforceable obligation...." 495 U.S. at 559, 110 S.Ct. at 2131."

I also noted in my letter to the Trustee that the Second Circuit in *Mazzeo, In re, 131 F.3d 295 (C.A.2 (N.Y.), 1997)* stated **"A claim is not contingent if it has come into existence**

(over)

(continued)
August 25, 2014
Page 3 of 3 pages

**and is capable of being enforced at the time the petition is filed...".** Clearly a debt must be enforceable at the time the petition is filed in order to be valid or non contingent.

The other references in the Trustee's response pertaining to potential appeals in Bankruptcy on my prior petition filings, or that my prior petition filings being ineligible - are irrelevant for this motion, because at the time of my prior petitions the debt was enforceable at the time of the petition, whereas at the time of this filing it was not enforceable, clearly distinguishing this filing from my prior filings.

I have compelling arguments to oppose the motion to dismiss, as well as to oppose the motion to remand, I still need to do more research on both motions, and to formulate and draft my oppositions. Additionally I have a court order to serve and amend my complaint in my federal action in E.D.N.Y. 14-cv-3028-sjf, by Sep 11. Rosh Hashanah and the Jewish High holidays start during the week of September 21, I would be unable to work or prepare during that week.

Due to my handicap being totally deaf from birth, it would be very difficult for me to defend the motions properly in this short time frame, I cannot feasibly manage all of this at the same time. I am dependant on assistance and it takes me much longer to prepare then an ordinary person, an extension until Oct 6 would be most helpful and appreciated to allow me to defend my case. My request is timely; the time to answer either motion is not yet due.

Should the Court grant an enlargement of time on the motions, then I wish to additionally request that the confirmation due on Sep. 4 should also be adjourned together with the motions, as the motion regarding dismissal would first have to be determined.

**Wherefore;** I respectfully request that the court grant me an enlargement of time until Oct 6 to file and serve my oppositions on the motion to dismiss and the motion to remand as well as to adjourn the confirmation hearing on Sep. 4, or until such other time as the Court deems proper and necessary.

Very truly yours,

Feige Zaretsky

cc: Michael J. Macco, Esq., Trustee
    Ellen W. Maurer, Esq.
    All creditors

## Letter from Feige Zaretzky

## In Re Feige Zaretzky, chapter 13, #......

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    Case No.: 8-14-72963-reg
In Re:
FEIGE ZARETSKY
Debtor.

-------------------------------------------------------X

August 18, 2014

Dear Mr. Macco,

I received your motion papers yesterday, outlining the ineligibility of my petition under 109(e), please be advised that my amended schedules reflect the relavent debt/claim deemed to be non existant and at most would be only contingent. Although I have originally listed certain debts on the schedules inadvertently, the debts were and still are in fact not enforceable debts as of the date of the petition. The debts are pending appeals in state court and are also stayed for all intents and purposes at time of my Ch.13 petition, barring claimants to claim repayment, I had no obligation to pay these debts as of the day of this petition, were these debts my only debts even had they totaled less then the 109(e) limits, I would not have been able to seek bankruptcy protection because there is no debt to protect from. Hence it does not count towards the eligibility amounts of total debts under 109(e). The Supreme Court in the Devanport has stated that a debt must be enforceable at the time of filing the petition in order to count under 109(e), "right to payment' means nothing more nor less than an enforceable obligation". *Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)*. Citing *Pennsylvania Department of Public Welfare v. Davenport, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)*. See also; *Chateaugay Corp., In re, 944 F.2d 997 (2nd Cir. 1991); Mazzeo, In re, 131 F.3d 295 (2nd Cir. 1997)*.. It is clear that had this debt been my only debt, even had it been less then the

109(e) total ceiling, I would still not have been eligible for protection, because I was already protected and shielded from this Furthermore even if this debt is to be listed it can only be classified as a contingent debt, since it is not enforceable at the time of the petition, it was inadvertently omitted from the schedule as such.

In light of the foregoing my petition is clearly eligible under 109(e), nonetheless if you still decide to continue with the motion, I kindly request for an extension of time to respond to the motion until September..22., 2014, so I

may properly research and prepare this and numerous other defenses I have to your motion.

I am deaf and pro-se, making it difficult to research and prepare all my defenses this fast, an extension would be most appreciated.

Kindly

Feige Zaretzky

# MICHAEL J. MACCO

U.S. Standing Bankruptcy Trustee
135 Pinelawn Road
Suite 120 South
Melville, New York 11747
http://macco.lawoffice.com

Telephone (631) 549-7908                                                                 Facsimile (631) 549-7845

Peter Corey

20 August, 2014

Feige Zaretsky
1909 New York Avenue
Brooklyn, NY 11210

      Re:  Ch. 13 Case #: 14-72963-reg

Dear Ms. Zaretsky:

      I am in receipt of your letter dated August 18, 2014 and I did a search of the public records. As of right now, five judgments exist against you in Nassau County totaling $1,444,462, plus interest at the statutory rate since 2009. Since these judgments have been issued by a Court, these liabilities are not contingent but have been fixed. You are therefore not an eligible Chapter 13 debtor. I have no intention of adjourning my motion on for September 4, 2014 and strongly suggest you retain legal counsel if you plan on appearing at the hearing.

      Furthermore, you make mention of the appeals pending on these decisions and at the 341 meeting I asked you specifically as to the status of the appeal that you had of Judge Grossman's prior decision in the 2011 case and you had no idea what is going on with the appeal. Please have whatever lawyer is handling the appeals provide a status letter of every pending appeal that you presently have.

Very truly yours,

Michael J. Macco

MJM/cs

**FEIGE ZARETSKY,**
10 Chestnut Drive Plainview, New York
11803

Dear Ms. Maurer,

In reference to your pending motion returnable on Sep 8 I wish to request more time to answer.

The motion to dismiss filed by the Trustee is returnable by Sep 4, it would be difficult for me to prepare for both motions in the same time.

An adjournment until Sep 29 would be most appreciated.

Please advise

Feige Zaretsky