Feige Zaretsky
c/o 1909 New York Avenue
Brooklyn, NY 11210
347-254-3532

August 27, 2014

BY HAND DELIVERY
Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

RE: Chapter 13: 14-72963-reg;  14-08187-reg

Your honor,

    I wish to inform the Court of the following information happening since I sent my letter to the Court on Aug 25, in which I requested an adjournment on the pending motions to dismiss and remand in the above referenced actions, on for Sep 4, and Sep 8.

    I received an email yesterday after 5pm from opposing counsel Ms. Maurer, requesting consent for an adjournment, while counsel had ignored and not responded to my email request sent 5 days earlier on Aug 25 for the same consent.

    I quote the full email of yesterday: *"Dear Ms. Zaretsky: Please be advised that Ms. Maurer is actually engaged on September 9th, and will be requesting an adjournment. Kindly advise if you are available on October 6, 14, 15, or 16. Thank you."* I have attached a copy of that email herewith.

    notwithstanding the above, I responded to her email consenting to her request, in the same manner that I had previously consented to a similar request for adjournment made by opposing counsel around June 24, 2014.

    To my surprise, I was informed yesterday in the evening that opposing counsel filed a document an objection to my request for more time.

    Opposing counsel remarked about my argument on unenforceability in my letter, as I intend to more fully explain in my opposition to the motion to dismiss, my argument is that unenforceability has nothing to do with discharge, whether one is discharged or not has no relation to eligibility requirements, while a debt may not have been enforceable at the time of filing, if the debt can still remain and not be discharged similar to a contingent debt. This is very clear in all the case law I have seen so far in my preliminary research, and I have yet to find a single case to the contrary.

    Even if I Had filed a chapter 7 proceeding previously before I filed this chapter 13 - and even had the Court ruled not to discharge such debt, if a stay had been in place

(over)

(continued)
August 26, 2014
Page 2 of 6 pages

prior to such chapter 13 filing, then the debt would still have been unenforceable in a subsequent chapter 13 filing, and would not count for eligibility purposes, it does not matter that such stay is eventually lifted, or that the creditor may eventually be able to pursue enforcement or collection against me or my father once the stay is lifted, what matters is that the debt be enforceable in the State at the time of filing the petition, then it does not count, even if the judgments are still intact, this is clearly the case here.

Being unenforceable does not invalidate the debt forever as the debt may indeed become enforceable later, if it is however unenforceable at the time of the filing as counsel concedes in her letter, then I am eligible under 109(e), and this debt cannot count towards the limit.

I also does not matter if this debt could or would become enforceable later again, the cases I cite clearly state that unenforceability is looked at as of the time of filing the petition and not whether the debt would stay unenforceable forever or not, much in the same manner a contingent debt may become due and enforceable at some future point, I simply stated that as of the date of my Chapter 13 petition this debt was unenforceable. As long as the claimant cannot enforce or pursue collection of this judgment or debt in the State at the time of filing the petition, then that's all it matters for eligibility.

My position is clearly supported by the Second Circuit in *Chateaugay Corp., In re, 53 F.3d 478 (C.A.2 (N.Y.), 1995)* "we must ascertain whether a "right to payment" existed at the time of LTV's petition. In Davenport, the Court stated simply that "a 'right to payment' is nothing more nor less than an enforceable obligation...." 495 U.S. at 559, 110 S.Ct. at 2131."

Counsel also states that the creditor will be prejudiced by delay, I will similarly be not less prejudiced if I cannot timely file my opposition, now having to also defend the motion to dismiss at the same time, I am a pro se, deaf from birth and am coping to sustain my bankruptcy now, while I cannot afford an attorney.

This request for an extension is my first request since I filed my petition, I respectfully request that the Hon. Court grant my request for more time to allow me enough time to finish research and draft both of my motions in light of the reasons stated in my prior letter.

Thank you for giving this matter your immediate attention.

Very truly yours,

*[signature]*

Feige Zaretsky

cc: Michael J. Macco, Esq., Trustee
     Ellen W. Maurer, Esq.
     All defendants



Mike Brown <fax100@gmail.com>

## Fwd: Zaretsky v. Zaretsky
3 messages

**poppy55** <poppy55@aol.com>  Tue, Aug 26, 2014 at 2:05 PM
To: fax100@gmail.com

-----Original Message-----
From: julie <julie@gmlawnow.com>
To: Poppy55 <Poppy55@aol.com>
Sent: Tue, Aug 26, 2014 5:04 pm
Subject: Zaretsky v. Zaretsky

Dear Ms. Zaretsky:

Please be advised that Ms. Maurer is actually engaged on September 9th, and we will be requesting an adjournment. Kindly advise if you are available on October 6, 14,15, or 16. Thank you.

Very truly yours,

JULIE PORTUGUEZ
GOLDMAN & MAURER, LLP
475 Northern Blvd., Suite 24
Great Neck, NY 11021
516-773-8585

This e-mail message, and any attachments to it, are for the sole use of the intended recipients, and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution of this e-mail message or its attachments is prohibited.   If you are not the intended recipient, please contact the sender by reply e-mail and delete and/or destroy all copies of the original message. Please note that any views or opinions presented in this e-mail are solely those of the author and do not necessarily represent those of the company. Finally, while the company uses virus protection, the recipient should check this e-mail and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this e-mail.

---

**berlin** <fax100@gmail.com>  Tue, Aug 26, 2014 at 2:22 PM
To: poppy55 <poppy55@aol.com>

October 6, 14,15, good all three days but no 16


no good 16. not  Thank you.


Feige Zaretsky
[Quoted text hidden]

---

**berlin** <fax100@gmail.com>  Wed, Aug 27, 2014 at 2:17 PM
To: ahron berlin <aronbreslov@gmail.com>

Feige Zaretsky
[Quoted text hidden]