CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

2014 SEP -2  P 6: 13

RECEIVED/DB

ZARETSKY

14 72963

Courtesy copy



UNITED STATS BNAKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
...................................................x

In re

FEIGE ZARETSKY AKA
FEIGE SARA ZARETSKY

        Debtor,
...................................................x

Hearing Date: September 4, 2014
Time: 9:30 a.m.

Chapter 13
Case No.: 814-72963-reg

**PLAINTIFFS' AFFIDAVIT
IN OPPOSITION TO
MOTION TO DISMISS**

Feige Zaretsky, a person over the age of 18 years and debtor in the foregoing chapter 13, being duly affirmed deposes and states under penalties of perjury as follows:

1. On June 26 2014, I filed the instant chapter 13 petition, I filed all the required documents, except for my tax return and an appraisal of the house.

2. At the meeting of the creditors the Trustee requested the tax return, I explained that pursuant to an order of the Supreme Court State of New York dated January 15, 201, I was unable to file tax returns according to the IRS rules, as my income is not taxable. The Trustee nonetheless insisted that I should supply a tax return.

3. I immediately went to an accountant who spoke to the IRS who instructed him that he should not file my tax return unless absolutely necessary, while the return must only show a zero number, something that is unusual for a return. I gave a copy of that tax return to the Trustee on August 27 2014.

4. At the meeting of the creditors the Trustee also informed me about the appraisal which I did not have yet at that time. I immediately ordered an appraisal, and I gave the Trustee the copy of the appraisal on August ... 2014.

5.   At the meeting the Trustee also requested that I supply an amended copy of certain documents that I had originally filed until August 28. I supplied them to the Trustee as requested.

6.   At the initial meeting of the creditors I was unable to be examined as there was no interpreter present, I had asked my father several days prior to arrange for the interpreter to be present, which he often does when I am overwhelmed. However to my surprise my father had totally forgotten about my request, it was an inadvertent mistake, and I apologize for that. The Trustee mentioned that I did this in a prior filing, but I respectfully assert that this was my first time that it happened.

7.   Subsequently, The Trustee set a date for the meeting for August 19. I was at the meeting with an interpreter present.

8.   On August 21, 2014 I received the motion to dismiss fled by the Trustee. I will answer each one of them accordingly below.

9.   The motion outlines one of the main grounds for dismissal being my ineligibility, as my debts reached well over the total limit pursuant to 11 U.S.C. 109(e).

10.   Originally I had listed certain creditors with prior State Court judgments, entered on default against me and my father Aaron Berlin who is a co-debtor on these judgments.

11.   Said creditors were; Elliot Zaretsky, Harold Zaretsky, Sheryl Zaretsky and Maxi Aids... the total debt among all those creditors was $1,290,000.

12. Said debts were different then all my other creditors listed, because these debts were not enforceable at the time of my filing the petition as further explained below, I listed them anyway. All other debts which I listed on my schedules were fully enforceable at the time of my filing.

13. At the time and prior to my filing the instant petition on June 26, 2014, said creditors were already stayed from enforcing or collecting on their judgments by virtue of a another automatic stay entered in my father's chapter 7, case # Case No.: 12-74600-reg....... .

14. Prior to my father's filing of his pending chapter 7 petition, the above mentioned judgments were already pending on appeal in the Appellate Court ??? Department. While I wished to continued that appeals action and would have moved for a stay pending appeals, I was unable to do so, because my father's Bankruptcy action had frozen everything, staying both the appeals action, my ability to request a stay, as well as enforcement and collection by the creditors.

15. On August 18 2014, I filed an amended schedule "F", after realizing that there was a confusion about my eligibility under 109(e) regarding the above mentioned debts. The amendment reflects that said debts are not debts counted towards my eligibility or payment plan, because is not an enforceable debt, and the claimants cannot file a proof of claim for an unenforceable debt until such time as the debt becomes valid.

16. Simply put, a debt that is not enforceable at the time if filing the petition, is not deemed a non contingent debt for Bankruptcy purposes or for eligibility purposes under 109(e).

17. A debt which is unenforceable is deemed to be a contingent debt, see *Mazzeo, In re, 131 F.3d 295 (C.A.2 (N.Y.), 1997)* "A claim is not contingent if it has come into existence and is capable of being enforced at the time the petition is filed...". In order for a debt to be non contingent it must be enforceable at the time the petition is filed

18. Similarly the Second Circuit in *Chateaugay Corp., In re, 53 F.3d 478 (C.A.2 (N.Y.), 1995)* stated "However broadly "claim" is understood, it is clear that the existence of a valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition. Looking to the plain language of the Bankruptcy Code, we must ascertain whether a "right to payment" existed at the time of LTV's petition. In Davenport, the Court stated simply that "a 'right to payment' is nothing more nor less than an enforceable obligation...." 495 U.S. at 559, 110 S.Ct. at 2131."

19. The Supreme Court in *Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)* stated "Congress intended in § 101(5) to incorporate the broadest available definition of "claim," see Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. ----, 110 S.Ct. 2126, 109 L.Ed.2d 588. As used in § 101(5), "right to payment" and "right to an equitable remedy" mean "nothing more nor less than an enforceable obligation."

20. Although this unenforceability happened as a result of my father's Bankruptcy Stay, and even though this particular debt is not discharged in his pending Chapter 7, and while this debt may well become enforceable at some point in the future, it still is deemed a non enforceable debt at the time of my filing for eligibility purposes. 109(e) does not require that a debt be dischargeable in order to be eligible, all it matters is that that a debt be enforceable not dischargeable, see *Wong v. Green Tree Servicing, LLC (In re Wong), 488 B.R. 537 (Bankr. E.D.N.Y., 2013)*.

21.     If this debt was to be deemed an enforceable debt despite the Bankruptcy stay in my father's action, then it would be unfair and a tremendous prejudice to me. Because where I would have otherwise been able to apply and receive a stay pending appeals at the State appeals Court, rendering the debts unenforceable, I was now unable to do so - due to the pending stay from the Bankruptcy Court, which stayed all State actions, while also unable to continue that appeals action.

22.     It is well established that a Bankruptcy automatic stay will also stay any pending State appeals action in which that debtor is a party. I attached as Exhibit "A" a relevant article with pertinent cites for the Court's convenience, this is a two page article that appeared in the ABI Journal (Journal of American Bankruptcy Institute) in its February 2012 issue, pages 22 and 80, titled "Does Automatic Stay apply to appeals being prosecuted by debtor of adverse order".

23.     The motion alleges that the creditors will be prejudiced by my continuing this action. While said debts were already and still are unenforceable, the above named creditors will not be prejudiced, because they cannot even file a proof of claim. To file a proof of claim there must be an enforceable debt with a right for payment and collection. That there is a judgment listed even if it is fixed, does not make it enforceable. In the same manner that any other creditor would be unable to file a proof of claim or enforce a debt, when there is any stay barring collection.

24.     I also did not file this petition in bed faith, at the time of my prior petition filings these debts were indeed enforceable at the time of my filing the petition, however this time, they were not enforceable, and I filed in good faith.

25.     Additionally, I filed all documents as best as I could with my best abilities, I filed all required documents timely and followed through with amended

ones as per the requested instructions. I also followed through with the Tax return that I was instructed to file with the Tax authority. I got an appraisal for my house, none of which I had before, while being under the impression that I was not required to file tax.

W H E R E F·O R E, Debtor prays that this Honorable Court issue an order dismissing the motion in its entirety, and for such order containing findings of fact and conclusions of law in favor of debtor; and any other further relief this Court deems proper and just.

DATED: BROOKLYN, NEW YORK
SEPTEMBER 2, 2014

_____
FEIGE ZARETSKY

UNITED STATS BNAKRUPTCY COURT           *Hearing Date: September 4, 2014*
EASTERN DISTRICT OF NEW YORK             *Time: 9:30 a.m.*
..................................................x