United States Bankruptcy Court
Eastern District of New York

In re:                                                                    Case No. 14-72963-reg
Feige Zaretsky                                                            Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0207-8          User: dcorsini          Page 1 of 1          Date Rcvd: Nov 12, 2014
                             Form ID: pdf000          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 14, 2014.
db            +Feige Zaretsky,   1909 New York Ave,   Brooklyn, NY 11210-4136

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 14, 2014                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 12, 2014 at the address(es) listed below:
          Ellen W Maurer    on behalf of Creditor Elliot  Zaretsky emaurer@gmlawnow.com
          Ellen W Maurer    on behalf of Plaintiff Harold  Zaretsky emaurer@gmlawnow.com
          Melanie Anne Sweeney   on behalf of Creditor    Bank of America, N.A. msweeney@msgrb.com,
           blink@msgrb.com,onewsome@msgrb.com
          Michael J. Macco   ecf@maccosternlaw.com,  jzarrilli@maccosternlaw.com
          Michael J. Macco    on behalf of Trustee Michael J. Macco ecf@maccosternlaw.com,
           jzarrilli@maccosternlaw.com
          Richard J Miller   on behalf of Creditor    HVT inc. tburns@millerdubuc.com
          United States Trustee    USTPRegion02.LI.ECF@usdoj.gov
                                                                              TOTAL: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

                                        Case No. 814-72963-reg

FEIGE ZARETSKY
a/k/a FEIGE SARA ZARETSKY,

                                        Chapter 13

                     Debtor.
----------------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

For the reasons that follow, the Debtor's motion to reconsider this Court's Order, dated September 22, 2014, dismissing the instant chapter 13 case will be denied.

The Debtor filed the instant chapter 13 petition on June 26, 2014 without the assistance of counsel. She filed schedules on July 14, 2014 reflecting that she owed a total of $1,420,605.00 in unsecured debt – $1,290,000 of which stems from a defamation judgment entered against the Debtor and her father, Ahron Berlin.[1]

On August 14, 2014, the chapter 13 trustee, Michael J. Macco ("Trustee") filed, and served on the Debtor, a motion to dismiss this chapter 13 case because among other things the Debtor's unsecured debt exceeded the maximum allowable in chapter 13 as provided in section 109(e) of the Bankruptcy Code. 11 U.S.C. § 109(e) (setting forth eligibility requirements for chapter 13 debtors, including an unsecured debt limit of $383,175). Shortly after the Trustee's motion to dismiss was filed, the Debtor filed an amended schedule F which deleted any reference to the $1,290,000 judgment. In the Debtor's response to the Trustee's motion to dismiss she takes the position that the defamation judgment is on appeal in state court, is unenforceable, and

---

[1] Ahron Berlin is also a debtor before this Court. (Case No. 12-74600). In Mr. Berlin's bankruptcy case, the defamation plaintiffs sought and obtained a ruling by this Court that the $1,290,000 defamation judgment is non-dischargeable in his bankruptcy pursuant to 11 U.S.C. §523(a)(6). (See Adv. Proc. No. 12-8371).

thus should not be included within the debt limits of section 109(e). At a hearing on the Trustee's motion held on September 4, 2014, the Court was not persuaded by the Debtor's arguments. The motion to dismiss was granted and an order dismissing the case was entered on September 22, 2104.

On October 2, 2014, the Debtor filed both a notice of appeal to the District Court, and a motion for reconsideration before this Court. *See* Fed. R. Civ. P. 59. In support of reconsideration, the Debtor argues that this Court overlooked established existing precedent and the Order should be vacated to "avoid a clear manifest error of law and fact." The Court disagrees. Although the Debtor has represented to the Court that the defamation judgment is on appeal, the Court has been presented with no evidence that the judgment is unenforceable. The existence of a dispute over the debt is not sufficient to remove that debt from the section 109(e) debt limit. *See Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295 (2d Cir. 1997). The Debtor argues that a stay of enforcement of the defamation judgment resulting from the pendency of her father's bankruptcy is sufficient to render the judgment "unenforceable" against her. The Court disagrees. To except a debt from the section 109(e) debt limits on the basis that there may be a stay of enforcement, bankruptcy or otherwise, is not supported by statute, case law or common sense.

For these reasons and for the reasons stated on the record of the hearing held on

September 4, 2014, it is hereby

ORDERED, that the Debtor's motion for reconsideration is denied.



**Dated: Central Islip, New York**
**November 10, 2014**

**Robert E. Grossman**
**United States Bankruptcy Judge**